GEORGE S. INGRAHAM and Others, Appellants, v. NATIONAL SALT COMPANY and Others, Respondents.

*Injunction to restrain the stockholders of a corporation from transferring their stock to another corporation — it will not be granted in an action against the corporation, to which the stockholders are not parties.*

Where the president of a corporation communicates to its stockholders an offer made by another corporation to purchase their stock, a stockholder whose stock has been deposited with a trust company and who, for that reason, will be unable to take advantage of the offer, is not entitled to maintain an action against the corporation to restrain the other stockholders, who were not parties to the action, from selling their stock pursuant to such offer, simply because he apprehends that, if the purchasing corporation should obtain a majority of the stock of the other corporation, it would use such control to the prejudice of the minority stockholders.

Each stockholder of a corporation has an undoubted right to sell his stock unless his privilege of sale has been hampered by his own action, and the corporation has no power to prevent him from exercising such right.

APPEAL by the plaintiffs, George S. Ingraham and others, from an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 17th day of February, 1902, upon the decision of the court, rendered after a trial at the Kings County Special Term, sustaining demurrers to the complaint.

*John H. Kemble* and *George S. Ingraham*, for the appellants.

*William B. Putney* [*Henry B. Twombly* with him on the brief], for the respondent National Salt Company.

*Charles W. Pierson*, for the respondents North American Trust Company and Oakleigh Thorne.

Interlocutory judgment affirmed, with costs, on the opinion of Mr. Justice RUSSELL.

All concurred.

The following is the opinion of RUSSELL, J., delivered at Special Term :

RUSSELL, J. :

Divesting the complaint and accompanying exhibits of all that is not essential to the consideration of the demurrer to the complaint, the object of the action appears to be the obtaining an injunction against the stockholders of the National Salt Company from selling and the International Salt Company from buying, the stock of the former company privately held by its stockholders. This result is sought to be reached in an action to which neither those stockholders nor the International Salt Company are parties. The action proceeds upon the assumption that the National Salt Company as a corporation can prevent its stockholders from selling their stock because the president of that company or its board of directors have advised the stockholders of the offer of the International, and because of the apprehension that, if the latter company purchases the majority of the stock, it may use its power or control unfavorably to minority stockholders. There is nothing in the complaint or exhibits which indicate any unlawful conspiracy or agreement by any of the officers of the National Salt Company to pass over the control of that company to the International Company for purposes of personal emolument, or in defiance of any legal duty. The president of the National Company did notify the stockholders of the offer which the International Company made in pursuance of its plan to acquire, if it could, a majority of the stock of the National Company, and in so doing, did not, for aught that appears, make any provision for his own personal benefit or exercise any duress. As that president received the information of the proposal from the International Company, it was his moral, if not his legal, duty to advise those interested of the terms of such proposition so that they might accept or reject as they saw fit. Such a course was far more in consonance with a just conception of what he owed to the stockholders than a hiding of the proposition until he could secure terms for his own future retention in office or an equivalent pecuniary consideration. As to the stockholders the contemplated purchase by the International Company was a matter of their own free will, and in no sense one of predestination. Each stockholder had an undoubted right to sell his own stock, unless his privilege of sale had been hampered by his own action in acquiring the rights in the company so that a purchaser was not willing to purchase the stock

SECOND DEPARTMENT, MAY TERM, 1902.        [Vol. 72.

so hampered on account of the burden placed upon it. If, therefore, the stock of plaintiffs has been deposited with the American Trust Company in Cleveland, to remain until January 1, 1905, that incumbrance upon the right of the plaintiffs to accept the offer of the International Company expiring October 10, 1901, does not give these plaintiffs any right to enjoin the other stockholders from selling or exchanging their free stock with the International Company or any other purchaser. The National Company acts as a corporation and has only the incidental powers necessary to discharge the purposes for which it was formed. The control of the stock of the company is not within its corporate functions after its treasury has been filled with the sums paid by outsiders to acquire that stock. From thenceforth those stockholders privately own the interest in the company which they purchased, and the corporation itself, which is simply the aggregation of the stockholders, cannot deprive them of their property or of any of the incidents of that property which tend to make it valuable. Even if a majority of the stockholders should elect a board of directors, which should by resolution forbid the sale of any stock then owned, except upon conditions stated which were incumbrances upon the power to sell, such an act would be tyrannous, unwarranted and might be rightly charged as the act of a majority which was not binding upon a single stockholder. No injunction can lie against a corporation to prevent an act which it has no power to stop. Nor do the facts alleged in the complaint, with the aid of the statement of the exhibits, justify a present injunction on the ground of possible future waste if the International Company shall obtain control. An injunction must rest upon overt acts from which the presumption may be drawn of future injury. There are no facts alleged here which justify a presumption that, if the stockholders of the National Company shall sell to the International Company a sufficient quantity of stock to give the latter company control, such control will be used to retard or impair the interests of the National Salt Company or its stockholders. In the absence of definite statements of facts to the contrary the presumption would rather be that the International Company seeks to buy because in its judgment the stock of the National Company may be made more valuable.

The demurrer must be sustained, with costs.